# WHITECOTTON, Respondent, v. THE ST. LOUIS & HANNIBAL RAILWAY COMPANY, Appellant.

### St. Louis Court of Appeals, January 19, 1904.

1. **APPELLATE PRACTICE: Defect of Parties: Raised by Answer.** A defendant can not object that there is a defect of parties plaintiff on appeal, when he has failed to raise the point in his answer and his answer shows that he knew the facts at the time it was filed.

2. **PRACTICE: Parties: Trespass: Prior Incumbrances.** In an action against a railway company for the value of ground used by it as a right of way, where the plaintiff had acquired title to the ground under the foreclosure of a deed of trust, the trustee in a prior deed of trust on the land was not a proper party, such prior deed of trust having been discharged before defendant answered.

3. **TRESPASS: Title of Plaintiff: Equity in Stranger no Defense.** It is no defense to an action against a railway company for the value of land taken by it for right of way, to allege that plaintiff's title is defective by reason of an equitable right in a stranger arising from a contract, where defendant was not a party to the contract and it was not made for defendant's benefit.

4. **———: Measure of Damages: Mortgage, Purchaser Under: Title Relates Back.** In an action against a railway company for the value of ground taken for right of way through plaintiff's farm, where plaintiff acquired title under the foreclosure of a deed of trust after the railroad was located through the land, though the deed of trust was executed prior to that time, plaintiff's title relates back to the date of the deed of trust so that he may recover the value of the land actually taken, though he can not recover for incidental damages to the farm.

Appeal from Ralls Circuit Court.—*Hon. D. H. Eby,* Judge.

REVERSED AND REMANDED.

*George A. Mahan* and *J. D. Hostetter* for appellants.

(1)   A party can recover only on a cause of action existing at the date of the institution of his suit, and even though by reason of events transpiring subsequent to the filing of a suit, a plaintiff may acquire a cause of action, yet the test of a defendant's liability relates back to the time of the institution of the suit, and a plaintiff can not recover on a subsequently acquired cause of action even by an amendment of his petition.   Boatmen's Sav. Bk. v. McMenamy, Admr., 35 Mo. App. 206; Brown v. Shock, 27 Mo. App. 355; Mason v. Barnard, 36 Mo. 391; Tobin v. McCann, 17 Mo. App. 481; Jennings v. Zerr & Jennings, 48 Mo. App. 528; Turk v. Stahl, 53 Mo. 437; Cheatam v. Lewis, 3 Johns. 43; Freimuth v. Rupp, 8 Mo. App. 568; Weinwick v. Bender, 33 Mo. 83; McDowell & Co. v. Morgan, 33 Mo. 556; Bank v. Porterfield, 70 Mo. App. 573; Fisher v. Stephens, 143 Mo. 181; (2)   After condition broken the legal title to lands covered by deed of trust, vests in the trustee named in the deed of trust, so much so, that it has been held that a trustee may before sale maintain ejectment.   Siemers v. Schrader, 88 Mo. 20; Johnson v. Houston, 47 Mo. 227; Hospes v. Almstedt, 13 Mo. App. 274; State ex rel. Peters v. Koch, 47 Mo. 582; Picket v. Jones, 63 Mo. 195; Bailey v. Winn, 101 Mo. 649; Matthews v. Ry. Co., 142 Mo. 645.   (3)   And it has been held that a trustee, mortgagee or a beneficiary in a deed of trust, may maintain an action for trespass committed on the mortgaged premises before entry or foreclosure.   Girard Life Ins. Co. v. Mangold, 94 Mo. App. 129; s. c., 83 Mo. App. 281; Heitkamp v. LaMotte Granite Co., 59 Mo. App. 244.   (4)   The trial court erred in striking out a portion of defendant's amended answer and in excluding testimony proffered by defendant in support of the allegations thus stricken out.   A mortgage or a deed of trust is a mere security for the payment of a debt, and

when the debt is extinguished the lien of the mortgage or deed of trust, together with all their ordinary incidents fail. Hudson Bros. v. Glencoe Gravel Co., 140 Mo. 103. (5) The theory on which a mortgagee or the beneficiary in a deed of trust has been held to have the right to recover damages for trespasses on the mortgaged premises occurring after maturity and before foreclosure is because the impairment of the security resulted in a loss on the debt.    Girard Life Ins. Co. v. Mangold, 94 Mo. App. 129; s. c. Mo. App. 281; Chouteau v. Broughton, 100 Mo. 406; Heitkamp v. LaMotte Granite Co., 59 Mo. App. 244. (6) Levering, the beneficiary in the three deeds of trust, acquiesced in the arrangement between Briggs and the railway company constructing the road through the premises, and in standing by and permitting the company to pay Briggs (and himself, for that matter, because it enhanced the value of his security) for the easement, by building and maintaining a switch and station on the premises, he, and plaintiff, who claims under him, are both in equity and good conscience estopped from now asserting a claim for damages against defendant.    Cory v. Railroad, 100 Mo. l. c. 293; Dodd v. Railroad, 108 Mo. 581; Gray v. Railroad, 81 Mo. 126; McClellan v. Railroad, 103 Mo. 313.    A deed conveying to a railroad company land for right-of-way and station ground purposes is as effectual, and is the same as acquirement of the same by condemnation proceedings.    Venable v. Railroad, 112 Mo. 124; Kane v. Railroad, 112 Mo. 34.

*Reuben F. Roy* for respondent.

(1) We admit that plaintiff must have a cause of action at date of institution of suit. We admit that after default, the trustee or beneficiary may maintain ejectment or trespass. But we deny that a stranger to the mortgage or deed of trust can set it up for the purpose of defeating the title of the mortgagor. The de-

fendant herein is not a party to said deeds of trust and claims adversely to them. Hardwick v. Jones, 65 Mo. 60; Kennett v. Plummer, 28 Mo. 145; Woods v. Hilder-brand, 46 Mo. 284. (2)   No error was committed by the court in striking out defendant's answer. Fowler v. Fowler, 78 Mo. App. 334; Wolf v. Walter, 56 Mo. 295; Norton v. Highleyman, 88 Mo. 624; Williams v. Perkins, 83 Mo. 379; Implement Co. v. Jones, 143 Mo. 281; School District v. Livers, 147 Mo. 580.   (3)   In order that a third party may enforce the provisions of a contract it should appear:   First, that it was made with the intention that he should be benefited by it; or, second, the obligee should owe the third party some obligation to do the thing provided for.   Keet v. Baker, 141 Mo. 175; Armstrong v. School District, 28 Mo. App. 169; City of St. Louis v. Von Phul, 133 Mo. 565.   (4) The purchaser at foreclosure sale purchases all the rights of the grantor and beneficiary in the deed of trust freed from all junior encumbrances, liens and easements and takes the same title conveyed in the deed of trust. Lindenbauer v. Bentley, 86 Mo. 578; Meier v. Meier, 105 Mo. 411; Plum v. Studebaker, 89 Mo. 162.   (5)   It destroys all easements granted by mortgagor subsequent to the deed of trust under which foreclosure was made.   Simpson v. Railroad, 145 Mo. 80.   (6)   More than all that, the plaintiff's title relates back to the date of the trust under which he purchased.   Booker v. Allen, 153 Mo. 620.

GOODE, J.—Judgment was given against the appellant for the value of a strip of ground used by it as a right-of-way through a farm owned by the respondent; and the judgment is now assailed for reasons arising on the mode in which the respondent acquired the farm which previously had belonged to Geo. W. Briggs. While Briggs owned it he gave three deeds of trust on it to William Christian as trustee for A. R. Levering, and subsequently, in 1891, and 1892, made quitclaim deeds

to the St. Louis, Hannibal and Kansas City Railroad Company, predecessor of the appellant, for the strip whose value is the subject-matter of this litigation, said predecessor having conveyed the strip to the appellant in May, 1893. Besides the deeds of trust in favor of Levering, Briggs subsequently executed three other deeds of trust in favor of the Ralls County Bank. The last one given for Levering's benefit, was foreclosed by sale February 2, 1899, and the farm purchased by the respondent, Mr. Whitecotton, who afterwards began the present action. After it was begun, but before trial or answer filed, the two earlier Levering deeds of trust were paid by the bank. The appellant contends that as those first deeds were in force when the action was begun, and as their conditions had been broken, the right of action for the value of the strip was then in the trustee Christian, instead of Whitecotton, the purchaser under the third Levering deed. If there was a defect of parties on account of the interest of said trustee in the proceeds of the litigation, the objection should have been made in the answer; for the appellant recited the deeds of trust prior to the one under which the respondent purchased, but raised no point on them against Whitecotton's right to sue, as it should have done to be able to take advantage of such a point on appeal. Appellant's answer shows it knew the facts when the answer was filed; hence it should have objected then so that Christian could have been made a party to the action, if necessary. Stewart v. Gibson, 76 Mo. App. 206.

But before the appellant answered, the prior deeds of trust had been discharged and the trustee, after their discharge, had no further interest in the land, the appellant was in no danger of an action by him to recover the value of the right-of-way, and he was not a necessary party, nor even a proper one; as was decided in a case like the present one in respect to the question of parties. Mathews v. Railroad, 142 Mo. 645.

It is said the respondent's right of action must have

been complete when he sued and that if it was not, his action must fail. The argument in this connection is that the right to sue for the value of the right-of-way was in Christian as trustee in the first two deeds of trust, to the exclusion of Whitecotton's right as purchaser at the sale under the third one. The Mathews case is decisive of this contention, which involves the erroneous notion that, when there are several mortgages on land, no one but the first incumbrancer, or his trustee, can maintain an action for the land, or its value, if wrongfully taken, or for waste committed on it. The effect of such a rule would be to render junior incumbrancers and the mortgagor himself, helpless against an ouster or trespass submitted to by the first incumbrancer, though they, as well as he, are interested in keeping the freehold in possession and unimpaired. The owner is thus interested because of his right of redemption, and the junior mortgagees because the land is their security. We have no call to expatiate generally, in this opinion, on the law of successive incumbrances, or to determine when, if ever, the senior incumbrancer is a necessary party to an action to recover the land, or its value, or damages for an injury to it; and will rest content with quoting a passage from the opinion in the Mathews case, which disposes of the point we have to decide:

"It is unnecessary to inquire, in this case, whether the trustee was a necessary party to the suit when instituted for the secured debt was paid before the trial, and the trustee at that time, at least, was neither a necessary nor a proper party. Plaintiff, as the substantial owner of the farm when the barn was burned, was the real party damaged; neither the trustee nor the secured creditor is complaining, and we are unable to see that defendant, who is in nowise interested in the deed of trust, has a right to complain after satisfaction of the debt. If the defendant is liable for the damages, there can be no difference to whom it is paid if payment dis-

charged the liability and is a bar to an action by another party.''

Among other things, the railroad company answered that when Briggs made a quitclaim deed to the farm to the Ralls County Bank, as he did March 2, 1894, the bank agreed with him to pay the Levering deeds of trust, and that it thereupon became its duty to do so, instead of letting the farm go to sale under one of them; that Whitecotton was an officer of the bank, purchased at the deed of trust sale, with money of the bank, for its benefit, stands in its shoes, and, therefore, can not maintain the present action, for the reason that permitting the sale of the land and purchasing it through its representative, were acts done by the bank in violation of its agreement with Briggs to discharge his indebtedness secured by the deeds of trust. The gravamen of this contention is that Whitecotton acquired no title by his purchase, as the bank simply paid a debt which it had assumed and made its own when he bought for the bank at the foreclosure sale. This matter of the answer was stricken out on appellant's motion, and error is assigned as to that ruling.

Whitecotton acquired title by the trustee's deed executed to him as the purchaser at the sale, granting, for argument's sake, that Briggs could have had the sale set aside because of the supposed agreement. His title was good until it was divested at the instance of the person possessed of an equity against it. Springfield E. & T. Co. v. Donovan, 120 Mo. 423; Simerson v. Bank, 12 Ala. 205. As he acquired the title and under a conveyance which was prior and paramount to those by which the defendant acquired its right-of-way, he is in a position to recover the value of the right-of-way unless, by virtue of the alleged agreement, the appellant has an equitable defense, or set-off, against him. But it is apparent that Briggs was the only person aggrieved by the bank's breach of contract in failing to pay his indebtedness and thereby discharge the liens on the land, ·

and that any demand for damages on that score belongs to him and is not available to the appellant by way of defense, set-off or counterclaim. The railway company was no party to the alleged contract, nor was the contract entered into by Briggs for its benefit. It does not even enjoy any covenant by virtue of which it can assert a right as Brigg's covenantee; since it holds under quitclaim deeds. As no one but a party to a contract, or one for whose benefit it was made, can sue on it, the rejected matter of the answer stated no defense in favor of the railway company. Howsmon v. Trenton Water Co., 119 Mo. 304; Roddy v. Railway, 104 Mo. 234.

A complaint is preferred because the court, in assessing respondent's damages, allowed as damages not only the value of the ground taken, but the injury done to the remainder of the farm by locating and making the road through it, less the value of the peculiar benefits, if any, accruing to the farm. It is the appellant's view, that as plaintiff did not own the land when the entry for right-of-way purposes was made, he can not recover incidental damages. We regard this position as well taken. Whitecotton's purchase at the foreclosure sale gave him the right to recover the value of the right-of-way, because it vested the title to it in him. But he bought the remainder of the farm for a price which it is fair to presume, was diminished from what it would have brought but for the location of the railway, if that event unfavorably affected its value. To permit him to recover incidental damages in this action would, therefore, be giving him those damages twice. This proposition was discussed and decided in Livermon v. Railroad, 109 N. C. 52, and the purchaser at the mortgage sale ruled to have no right to such incidental damages. Those damages might have been demanded by the mortgagee Levering as an impairment of his security, or by Briggs, the owner of the farm. But if they chose to pass them by, a subsequent purchaser has no just claim to them. It is said by the respondent that his title relates

back to the date of the deed of trust under which he bought, and it does for some purposes (Booker v. Allen, 153 Mo. 613); but not so as to clothe him with a right to recover for waste or injury to the freehold. His title is good as of that date; but incidental injuries to the freehold committed previous to his purchase, in no manner impair his title nor detract from what he bought. It is because of the relation of his title that respondent is entitled to recover for the ground taken for a right-of-way. He bought that ground as much as any; but he did not buy any demand for incidental injury to the remainder of the farm. He simply bought the remainder as it was. Suppose timber had been cut off the farm before respondent purchased it; could he recover its value? Plainly not. The remedy for such losses belongs to the owner and to the mortgagee. 1 Jones, Mortgages (5 Ed.), secs. 659, et seq. We think the respondent's recovery should be the value of the land appropriated by the defendant.

The judgment is, therefore, reversed and the cause remanded. *Bland, P. J.,* and *Reyburn, J.,* concur.