C. L. TURNER et ux., Appellants, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Respondent.

Kansas City Court of Appeals, April 6, 1908.

1. DEEDS: Life Tenant: Reversion. A father and mother conveyed to a daughter and her bodily heirs certain land habandum among other things if the daughter should not raise any child the land to revert on her death to the estates of the grantors for equal division among their heirs. The daughter after marriage died childless. This was after the death of the father. Prior to her death she and her husband joined in a deed for right of way to a railroad company. *Held*, the land on her death reverted to her father's heirs and her deed to the railroad company, though on full consideration, conveyed no greater title than she had.

2. ———: ———: Right of Way: Trespass: Eminent Domain: Parties. *Held*, further, the railroad being in possession was not a trespasser as against the heirs of the original grantor but owed them the obligation to compensate adequately for the land taken and damaged as in the exercise of the right of eminent domain; and on an action by the heirs to recover the compensation their recovery would have invested an easement in the railroad company as on regular condemnation proceedings.

3. ———: Construction: Right of Way: Condemnation: Parties. Where a railroad company possessing the power of eminent domain has entered into actual possession of land necessary for its corporate purposes, with or without the consent of the landowner, a subsequent vendee of such landowner takes the land subject to the easement, and the right to payment from the railroad belongs to the owner at the time the railroad took possession; and so where the life tenant conveys the right of way and thereafter dies and the land reverts to the heirs of the tenant's grantor, held, the right of action for compensation is in such heirs and not in their vendee at partition sale.

Appeal from Pettis Circuit Court.—*Hon. Louis Hoffman,* Judge.

AFFIRMED.

*Shain & Barnett* for appellants.

(1) Plaintiffs, being the admitted owners in fee to the land now being appropriated and used by defendant, are entitled to sue and recover for the value of the land and a judgment for recovery and a satisfaction thereof will vest easement in defendant. Doyle v. Railroad, 113 Mo. 280; McReynolds v. Railroad, 110 Mo. 484; Webster v. Railroad, 116 Mo. 115. (2) While one buying land, occupied by railroad for right of way, at the time of purchase, can not recover upon action of trespass or in a suit in ordinary form for damages done land, still such a purchaser does have a right of action for the value of the land itself and for such damages as the permanent appropriation of the land would be to that part not taken. Doyle v. Railroad, 113 Mo. 289; Fordice v. Wolf, 18 S. W. 145, 82 Tex. 239. (3) Where one purchases land occupied by a railroad for its right of way and said purchase is under a title prior and paramount to one under which the railroad holds, then said purchaser is entitled to recover for the value of the land occupied. Whitecotton v. Railroad, 104 Mo. App. 65.

Turner v. Railroad.

*Martin L. Clardy, Roy D. Williams* and *C. D. Corum* for respondent.

(1) This suit is not based on the ground that plaintiffs had any right to compensation at the time of entry by the railroad. They ground their right of action upon the purchase at the partition sale in June, 1905. Their claim is ill-founded in fact and in law. Roberts v. Railroad, 158 U. S. 1; Railroad v. Murray, 87 Fed. 648; Maffet v. Quine, 93 Fed. 347; Railroad v. McDougall, 118 Ill. 229; Railroad v. Loeb, 118 Ill. 203; McFadden v. Johnson, 72 Penn. St. 335, 13 Am. Rep. 681; Railroad v. Englehart (Neb.), 77 N. W. 1092; Walton v. Railroad (Wis.), 36 N. W. 10; Smith v. Railroad, 13 S. W. 128; Hilton v. City of St. Louis, 99 Mo. 208; Whitecotton v. Railroad, 104 Mo. App. 65; Railroad v. Loeb, 118 Ill. 214.    (2) The vendee of land is not entitled to compensation for land taken or injured before he acquired title. The claim for compensation is a personal claim and is entirely independent of the title to the land. And the right to compensation cannot pass unless there is an express covenant in the deed providing for it.    Allen v. Railroad, 107 Ga. 838; Railroad v. Maher, 91 Ill. 316; Galt v. Railroad, 157 Ill. 125; Tenbrooke v. Jahke, 77 Pa. St. 392: Lewis on Eminent Domain, sec. 316; Smith v. Railroad, 13 S. W. 128. (3) Plaintiffs bought the land at the time the railroad was in operation and after it had been in operation for the period of about five years, which facts they well knew. They purchased it subject to easement of the railroad. Presumably, they paid less for the land by reason of that fact, if the land was damaged by reason of defendant's tracks being laid upon it. They certainly considered this when they bought the land, and to permit them now to recover damages, would, in effect, be giving them damages twofold. Whitecotton v. Railroad, 104 Mo. App. 72.

JOHNSON, J.—Plaintiffs, who are husband and wife, allege in their petition that they are the owners in fee of a quarter section of land in Pettis county, and that on September 17, 1904, defendant railroad company entered upon and appropriated a strip of ground fifty feet wide across said tract "for its right of way from the main line of defendant's railroad in Pettis county, Missouri, to the Missouri State Fair grounds in said Pettis county and thereon constructed its railroad track and since has been and is now operating its engines and cars over the said land of plaintiffs." The value of the strip appropriated, which contains two and four-tenths acres is placed at $240 and damages to the remainder of the tract are laid at $1,500. The prayer is for judgment in the sum of $1,740. The answer of defendant interposes defenses the nature of which will appear in the discussion of the questions of law presented for our determination in the briefs and arguments of counsel. The cause was tried to a jury but at the conclusion of the introduction of plaintiff's evidence, the court gave the jury an instruction peremptorily directing a verdict for defendant and plaintiffs appealed from the judgment rendered on the verdict returned in obedience to said instruction.

The evidence discloses that in 1885, Andrew Haggard conveyed the quarter section of land described in the petition to his daughter, Finettie C. Haggard "and her bodily heirs." In the *habendum* clause of the deed which was executed by Haggard and his wife, Mary A. it was provided "if the said Finettie C. Haggard should not raise any child or children, at her death the within described land is to revert back to the said Andrew Haggard and Mary A. Haggard's estate and be divided equally as the other estate among her sisters and brother." Sometime after the execution and recording of this deed, the grantee intermarried with Elijah O. Hansbrough. She died September 17, 1904, childless. In

1900, she and her husband joined in the execution of a warranty deed whereby in consideration of the payment of $550, they undertook to convey to defendant the fee simple title to the strip of land in controversy. This deed was duly acknowledged, recorded and soon after its execution and delivery, defendant laid a railroad track on the strip purchased, and ever since has used it as a part of its railway system. After the death of Mrs. Hansbrough, which event was preceded by her father's death, a suit was brought by three of her sisters to partition the land of which her father died seized including the quarter section in which, as we have shown, a life estate had been granted to Mrs. Hansbrough, and as a part thereof, the strip conveyed by her to defendant. In due course of procedure, a sale in partition was ordered of all the lands and at the sale (made June 2, 1905), plaintiffs purchased the said quarter section for the price of $10,289.25, and received a sheriff's deed in partition executed in form and manner required by law. This deed did not except defendant's right of way from the description of the land conveyed, nor did it attempt to convey to the vendees any cause of action which had accrued on account of the appropriation of that strip by defendant for railroad purposes. Plaintiff, C. L. Turner, testified that the announcement was made at the sale by the attorney of the estate that "I got all rights there except the railroad's iron that was on the tracks. Whoever bought it the land is yours except this iron and ties that is on there." Other facts appear in the record, but those stated control the disposition of the case.

It is conceded that under the deed from her father, Mrs. Hansbrough, became a life tenant of the land conveyed therein and, dying childless, the fee passed to her brother and sisters as remaindermen. This is true, and being true, defendant acquired no greater title to the land it claims by grant from her than she possessed. Not-

withstanding it paid full value and received a deed purporting to convey the fee, its title and rights derived from that deed ended with the death of its grantor, and, thereafter, it could not continue to occupy the land with its railroad against the will of the remaindermen whose estate had ripened into a fee, except by the exercise of the power of eminent domain. With the strip appropriated and in use by the railroad, the continuation of such use after the death of the life tenant created a cause of action in favor of the heirs of Andrew Haggard (who, at the termination of the life estate, became owners of the fee as tenants in common) for the recovery of damages inflicted on their estate by such continued use. The elements of their damage consisted of the value of the land actually taken and the incidental damages to the remainder of the tract. And as the injury was permanent and consisted in the absolute taking of the strip of ground in a manner to injure the entire property, there could have been but one recovery by the heirs and, under proper pleadings, it should include all damages, future as well as present. [Doyle v. Railway, 113 Mo. l. c. 287.] The cause of action in such cases is not grounded in trespass but on the obligation of the defendant company to compensate the owner adequately for land taken and damaged in the exercise of the right of eminent domain. Had the heirs chosen to sue for such damages, a judgment recovered by them in such action when satisfied by defendant would have operated to vest in defendant "an easement in the land as much so and as effectually to all intents and purposes as if condemnation proceedings had been regularly instituted and conducted." [Doyle v. Railway, supra.]

But it will be observed that the present action is not prosecuted by the heirs of Andrew Haggard, but by their vendees who purchased the land at partition sale and to whom the cause of action, which had accrued in favor of the heirs on account of the continued use of the right of

way by defendant, was not conveyed by the sheriff's deed. In our opinion, plaintiffs as such vendees, did not succeed to the cause of action which had become complete at the time of their purchase. The claim for compensation for the taking of private property for a public use is personal to the owner at the time of the taking. It does not run with the title to the land and will not pass to the vendee of such owner in the absence of an express covenant in the deed to that effect. This rule is clearly stated by the Supreme Court of the United States in Roberts v. Railroad, 158 U. S. 1, where it is said: "It is well settled that where a railroad company, having the power of eminent domain, has entered into actual possession of land necessary for its corporate purposes, whether with or without the consent of the owner of such lands, a subsequent vendee of the latter takes the land subject to the burden of the railroad, and the right to payment from the railroad company, if it entered by virtue of an agreement to pay, or to damages, if the entry was unauthorized, belongs to the owner at the time the railroad company took possession." And the rule generally is recognized in the authorities we have consulted. [Doyle v. Railway, supra; McReynolds v. Railway, 110 Mo. 484; Webster v. Railway, 116 Mo. 115; Whitecotton v. Railroad, 104 Mo. App. 65; Maffett v. Quine, 93 Fed. 347; Railroad v. McDougall, 118 Ill. 229; Railroad v. Loeb, 118 Ill. 203; McFadden v. Johnson, 72 Pa. St. 335; Railroad v. Englehart, 77 N. W. 1092; Walton v. Railroad, 36 N. W. Rep. 10; Smith v. Railroad, 13 S. W. 128; Hilton v. City of St. Louis, 99 Mo. 208; Allen v. Railway, 107 Ga. 838; Railroad v. Maher, 91 Ill. 316; Galt v. Railroad, 157 Ill. 125; Tenbrooke v. Jahke, 77 Pa. St. 392; Lewis on Eminent Domain, section 316.] Applying it to the facts of the present case, we are compelled to hold that the only right of action which accrued from the appropriation by defendant of the land belonging to the heirs of Andrew Haggard in-

ured to the heirs as their personal property and did not pass to plaintiffs.

Accordingly the judgment is affirmed.    All concur.