B. C. LUCKEY, Respondent, v. THE CITY OF BROOKFIELD, Appellant.

Kansas City Court of Appeals, November 25, 1912.

NUISANCE: Pollution of Water: Damage to Stock. Plaintiff's live stock were injured by the pollution of the water, which ran through his pasture, caused by sewage from defendant's sewer which was built more than ten years before the action was brought. No right to use the watercourse to carry off sewage was acquired by purchase or condemnation. The damages are charged to have been done during one of the dry periods which recur every three or four years. *Held*, that on the completion of the sewer a permanent injury was inflicted on the land and that a single cause of action accrued to plaintiff which was barred by limitations.

Appeal from Linn Circuit Court.—*Hon. Fred Lamb,* Judge.

REVERSED.

*Bresnehen & West, Bailey & Hart* for appellant.

(1) Respondent cannot recover in this action, as it is improperly brought, being an action for damages to the stock of the respondent, and the recovery,

167 Mo. App.—11

if any, must be for damages to the realty.   Defendant's sewer system is permanent, and the damages for which the city would be liable on account thereof are for permanent injury to the land, and not for remote injuries to plaintiff's stock, made sick by drinking the polluted water.   Smith v. Sedalia, 152 Mo. 283; Smith v. Sedalia, 182 Mo. 1; Kellogg v. Kirksville, 132 Mo. App. 519; Kellogg v. Kirksville, 149 Mo. App. 1; Krebs v. Const. Co., 144 Mo. App. 649; St. Louis Trust Co. v. Bambrick, 149 Mo. 560.   (2)   The defendant has acquired a prescriptive right to empty its sewage into West Yellow creek.   Marble Co. v. Gas Light Co., 128 Mo. App. 96; Skinner v. City of Slater, 159 Mo. App. 589-591.   (3)   Plaintiff's instruction No. 1 should have been refused because it ignores the defense that defendant had a prescriptive right to empty its sewage into the creek.   Fink v. Phelps, 30 Mo. App. 431; Land & Lumber Co. v. Tie Co., 87 Mo. App. 167; Evans v. R. Co., 16 Mo. App. 522.   (4) Plaintiff's instruction No. 2 should have been refused.   Because it permits plaintiff to recover for damages to his stock instead of to his real estate. Bungenstock v. Nishnabotnee Drainage Dist., 163 Mo. 198; Pinney v. Berry, 61 Mo. 359.

*Burns, Burns & Burns* for respondent.

A permanent nuisance is a nuisance not only permanent in the manner of its building but its effect toward the party complaining must be the same or substantially the same each year.   In the case at bar the evidence showed that the water on plaintiff's farm was not polluted by the defendant's sewer to the extent of injuring stock more than from two to four years out of ten years.   That is that during many years the flow of water in Yellow creek on plaintiff's farm was of such volume that it so diluted the sewage from defendant's sewer that it would not and did not poison stock

and from the evidence it appears that it might not injure stock or injure the farm for many years the number of which out of any ten no one could tell until after the damage occurred or did not occur, as the case might be. So that when the nuisance is applied to plaintiff's case it is not permanent but very casual and intermittent and may damage plaintiff once, twice or three times in any ten years and may not damage him at all for that length of time. The fact that plaintiff's damages were intermittent only necessarily means that he could not maintain a suit at any time until the damage actually occurred. It seems very clear that if plaintiff had at any time undertaken to maintain a suit for permanent damages or had treated the sewer as a permanent nuisance to him the court would be wholly without any guide to instruct the jury on the measure of damages. Krebs v. Construction Co., 144 Mo. App. 649; Kellogg v. Kirksville, 132 Mo. App. 519; Kellogg v. Kirksville, 149 Mo. App. 1; Smith v. Sedalia, 152 Mo. 283; Smith v. Sedalia, 132 Mo. App. 157; Charles v. Railroad, 124 Mo. App. 293; Marble Co. v. Gas Light Co., 128 Mo. App. 96; Current Law, Vol. 8, 778; Manufacturing Co. v. Trust Co., 139 Mo. App. 209; Current Law, Vol. 14, 566; Kentucky L. R. 687; Current Law, Vol. 6, 471; 53 S. E. 776; Constitution of Missouri, Art. 11, Sec. 21; Mining Co. v. Hamby's Admr., 90 S. W. 226; Coal Co. v. Doman, 49 S. 242.

JOHNSON, J.—Plaintiff sued the city of Brookfield, a city of the third class, to recover damages for injury to his live stock caused by the pollution by defendant of a watercourse that ran through his pasture land. The period for which damages are claimed in the petition is from August 5, 1910, to March 22, 1911, and the stock injured consisted of 230 sheep and four horses which were kept in the pasture and had access to the contaminated stream. In 1899 de-

fendant built a sewer system which discharged the sewage of the city into a ditch which, in turn, emptied into the stream in question and the stream carried the sewage through plaintiff's pasture. It appears from the evidence of plaintiff that in ordinary seasons the volume of water flowing in this natural watercourse was sufficiently large to dilute the sewage and render it practically innocuous to live stock but that at intervals, averaging three or four years in duration, the volume of water in the stream would become so reduced by scarcity of rainfall as to render the water injurious to animals that drank it. The period for which damages are claimed was in one of these comparatively infrequent dry seasons which, as stated, recurred about three times in each decade.

Defendant built and operated the sewer in the manner stated without acquiring the right by purchase or condemnation to use the watercourse for carrying off the sewage. The cause of action pleaded in the petition and submitted to the jury is bottomed on the idea that the nuisance thus created and maintained by defendant was temporary as to the land of plaintiff since its injurious consequences were intermittent and widely separated and that each injury should be treated as a new and independent cause of action. On this view of the case plaintiff insists that his damages in this instance are to be measured by the loss he suffered in consequence of the injury inflicted on his live stock which had access to the stream during the period in question and drank its impure water. It is the theory of the defense that the nuisance is permanent, that all of the damages to the land of plaintiff accrued at the time of the completion of the sewer system in 1899; that such damages were comprised in and were to be measured by the diminution in the market value of the land caused by the creation of a permanent nuisance and that since this action was not commenced until October, 1911, more than ten

years after the cause of action accrued it is barred by limitation. The trial of the issue thus raised resulted in a verdict and judgment for plaintiff and the cause is here on the appeal of defendant.

With one exception the facts and issues of this case run parallel with those we considered in the case of Smith v. Sedalia, recently decided by this court and certified to the Supreme Court by one of the judges on the ground that the decision was in conflict with the opinions of the Supreme Court in Smith v. Sedalia, 152 Mo. 283 and 182 Mo. 1. The Supreme court in an opinion written by FERRISS, J., approved and amplified our view of the law of that case (Smith v. Sedalia, 149 S. W. 597), and we think definitely removed the cause of much of the confusion and uncertainty in the decisions relating to the subject of permanent and temporary nuisances and the proper measure of damages to apply in each class of cases.

In that case the city of Sedalia had finally completed a sewer system about eighteen years before the commencement of the action in question and had during that period been emptying the sewage of the city into a natural watercourse that ran through the land of the plaintiff. The injury to the useful occupation and enjoyment of the land was continuous but the plaintiff's action was founded on the view that the nuisance was temporary and that he might maintain periodical suits for the recovery of the damages he suffered in each successive period. But this view was rejected by this court and afterwards by the Supreme Court on the ground that the sewer system which for eighteen years had remained unchanged and had discharged practically an unvarying quantity of sewage into the watercourse was a permanent structure that at the time of its final completion inflicted a permanent injury to the land for which a single and indivisible cause of action inured to the landowner. Af-

ter a careful review of the case law we gave expression to the following conclusion:

These authorities compel us to say that the nuisance in question is permanent, and that plaintiff if injured thereby, had a cause of action for his damages, past and future, all of which were comprehended in, and were to be measured by, the depreciation in the market value of his land caused by the presence of the sewer. For eighteen years past the sewer had remained in its present condition. It is just as substantial and enduring as a railroad embankment, drainage ditch, highway bridge, street pavement, office building, or city hall. It was built without any intention or expectation that it would be removed or materially changed for years to come; and if the present action was one for permanent damages and was the only suit pending between the parties, we would not hesitate in declaring that plaintiff had made out a case for the jury, and that the true rule for measuring his damages was the depreciation in the market value of the land.

But it is argued by plaintiff that, though the sewer be permanent and intended by defendant to be so, plaintiff, as the injured party, had the option to complain of it as a permanent injury and recover damages for the whole time, or to treat it as a temporary wrong to be compensated for while it continues; that is, until the act complained of becomes rightful by grant, condemnation of property, or ceases by abatement.

This idea is suggested in Sec. 1046, 4 Southerland on Damages (3 Ed.); but the suggestion is tentative, is not supported by authority, and, we think, is logically unsound. The reason successive actions may be prosecuted on account of a temporary nuisance is that, since the cause of injury is likely to be removed at any time, and thereby end the injury, there is no damage to the inheritance, and the injury is to the use

of the land. The value of such use is measured by the depreciation in the rental value caused by the injury. But a permanent injury to the land is an injury to the inheritance, as well as to the use, and, as the whole is equal to the sum of all its parts, so recoverable damages for an injury which extends to the inheritance includes all temporary, as well as lasting elements of damage; and all these elements, as we have said, are comprised in the rule that measures the damages by the depreciation in the market value of the land. There can be but one cause of action for a single injury, and a permanent nuisance is a single injury.

And Judge FERRISS observed in his opinion that "This suit is not grounded upon trespass merely, nor upon nuisance, although the injury takes the form of a nuisance, but upon the constitutional right to compensation for property damages for public use (Webster v. Kansas City, 116 Mo. l. c. 118, 22 S. W. 474; Turner v. Railway, 130 Mo. App. 540, 109 S. W. 101); and it is so argued in plaintiff's brief. The city, by proper proceedings to that end, had the right by statute to secure the use of this stream for sewer purposes. The city did not condemn, but appropriated the use. Such action, however, does not deprive the plaintiff of his right to compensation; nor does it affect the measure of damages which, for such use by the city, whether by condemnation or appropriation, is the diminution in market value of the land damaged. As this court said in McReynolds v. Railway, 110 Mo. l. c. 488, 19 S. W. 824, 'No good reason, founded upon principle, can be assigned why the same rule should not be applied in both classes of cases' (condemnation and appropriation). The injury is the same; the damage is the same; and the compensation should be the same."

These decisions compel the conclusion that the sewer in the present case was a permanent structure;

that on its completion it inflicted a permanent injury to the land now owned by plaintiff and that a single cause of action then inured to the landowner for the damages past and future that were and would be consequent upon the injury. All of which damages were comprised in the diminution of the market value of the land.

We do not think the single departure in the facts of this case from those in the Smith case materially affect the conclusion just expressed. That difference consists of the fact that in the Smith case the injury flowing from the permanent structure to the land of plaintiff was continuous while here it was intermittent, depending for its power to do evil upon the co-operation of a dry season which came and would continue to come on an average of once in every three or four years. When the sewer was completed the injurious effect it would have on the use of the land of plaintiff was apparent and the loss that would be inflicted thereby could be ascertained and appraised with reasonable accuracy . and, doubtless, was reflected in an immediate depreciation of the market value of the land. It is a matter of common knowledge that such dry periods as were required to give potency to the injury recur as though controlled by some natural rule of averages. Broadly speaking there was not only a permanent cause of injury in this case but a resultant single injury that manifested itself and wrought damage periodically. In cases of this nature, the test of whether the injury is permanent or temporary does not lie in the solution of the question of whether the injury caused continuous or intermittent damage but in the question of whether or not its mainspring was a permanent cause that would insure the stability of the injury as a permanent and definite agency of damage.

This thought is expressed in the following excerpt from the decision of the Supreme Judicial Court of

Massachusetts in Fowle v. New Haven Company, 112 Mass. 338: ''The case at bar is not to be treated strictly in this respect as an action for an abatable nuisance. More accurately it is an action against the defendant for the construction of a public work under its charter in such a manner as to cause unnecessary damage by want of reasonable care and skill in its construction. For such an injury the remedy is at common law. And if it results from a cause which is either permanent in its character, or which is treated as permanent by the parties, it is proper that entire damages should be assessed with reference to past and probable future injury.''

It is apparent from what we have said that the only cause of action accruing from the injury was barred by limitations duly pleaded in the answer long before the commencement of this suit and, therefore, that the learned trial judge erred in not sustaining the demurrer to the evidence.

The judgment is reversed.

All concur.