F. A. LAMBERT, Appellant, v. BIG MEDICINE DRAINAGE DISTRICT NO. 1, G. D. McLEAN, Respondent.*

In the Kansas City Court of Appeals, May 5, 1924.

1. **EMINENT DOMAIN: Damages: Drainage: Owner of Property at Time Actual Possession Thereof is Taken, is Entitled to Damages Assessed by Drainage Commissioners.** Under section 4402, Revised Statutes 1919, owner of property at the time actual possession of the property is taken by drainage commissioners is the one entitled to damages assessed by them, notwithstanding foreclosure sale of the property was made before actual appropriation of the land, and regardless of ownership at date of approval of commissioners' report and regardless of contention that injunction suit might have delayed district's right to elect to take the land.

2. ———: **Foreclosure: Title of Purchaser at Foreclosure Sale Held to Relate Back to Date of Deed of Trust.** In reference to right to damages to land taken and assessed by drainage commissioners for district, title of purchaser at foreclosure sale *held* to relate back to the date of the deed of trust.

3. ———: **Damages: Owner Entitled to Damage not Only to Land Actually Taken, but to Damages Done to Remainder of Tract.** Owner of land at the time right of entry accrued to drainage district, was entitled not only to the damages for the land actually taken, but also to the damages done to the rest of the tract.

*Headnotes 1. Eminent Domain, 20 C. J., Section 286, 293; 2. Eminent Domain, 20 C. J., Section 293 (Anno); 3. Eminent Domain, 20 C. J., Section 189, 293 (Anno).

Appeal from Circuit Court of Sullivan County.—*Hon. J. E. Montgomery,* Judge.

REVERSED AND REMANDED (*with directions*).

*D. M. Wilson* for appellant.

*H. J. West* for respondent.

TRIMBLE, P. J.—The controversy herein is between plaintiff and the defendant, McLean, as to which is entitled to receive the damages assessed by the Commissioners in a proceeding by Big Medicine Drainage District No. 1 of Sullivan County to condemn the right to dig its ditch through a certain seventy-four-acre tract. Alleging that the district was about to pay over the damages to McLean, plaintiff brought injunction to restrain it from so doing. Two months and twenty-three days after suit was brought, the drainage district applied for and obtained permission to pay the money into court, and ten days later the district did so, leaving the question of who is entitled thereto to be thereafter litigated between plaintiff and McLean.

The court found that McLean is entitled thereto and dissolved the injunction. Plaintiff appealed.

There is no dispute over the facts. In 1917 Lambert was the owner of the land and on March 24th of that year gave a deed of trust thereon to the State Savings Loan and Trust Company of Quincy, Illinois, to secure a note for $2400. On May 3, 1919, plaintiff deeded the land to defendant's son, G. L. McLean, subject to the $2400 deed of trust which the grantee assumed and agreed to pay as a part of the purchase price, and plaintiff took from said grantee a second deed of trust on the land for $1600.

The Commissioners appointed to assess damages qualified November 30, 1920, and on December 1, 1920, began the work of assessing damages, commencing their work in the north end of the district and in the section containing the seventy-four-acre tract.

They assessed the damages for the right-of-way, the land actually taken in said tract, at $513 and the damage to the rest of the tract, by reason of the taking, at $200, aggregating the sum of $713. The Commissioners filed their report June 13, 1921.

Fourteen days thereafter, to-wit, on June 27, 1921, the son, G. L. McLean, conveyed said seventy-four-acre

tract to his father, the defendant, G. D. McLean, subject to the two deeds of trust, aggregating, in principal, the sum of $4000. There was nothing said in this deed about the assessed damages and, of course, no reservation was made of them.

Default being made in the principal and interest to the State Savings Loan and Trust Company's deed of trust, and also in the payment of the taxes on said land, the holder of that deed of trust, on March 31, 1923, foreclosed it and plaintiff, to protect his second deed of trust, bought the land at the foreclosure sale and received a trustee's deed.

At the foreclosure sale defendant G. D. McLean was present and gave written notice that he would exercise his right to redeem under the statute by giving bond, etc., but he took no steps whatever to do so.

At the time of the trial, the drainage district had not entered upon the land nor attempted to dig the ditch through it. Indeed, under section 4405, Revised Statutes 1919, the drainage district had no right to enter upon or appropriate said land until the damages were paid, either to the owner, or into court for the benefit of the owner; and the money was not paid into court until the 17th day of May, 1923. The trial in the case at bar was had on the 18th of May, 1923. Consequently, on the day the drainage district was entitled to enter upon and appropriate the land, plaintiff was the owner thereof, having bought it at foreclosure sale on March 31, 1923, and his trustee's deed was duly placed of record.

Under section 4402, Revised Statutes 1919, the procedure in drainage district cases is the same as that provided by law for the appropriation of land taken by telegraphs, telephones and railroads. This being so, the decisions governing in railroad condemnation cases are controlling. In these it is well settled that the owner of the property at the time the actual possession of the property is taken is the one entitled to the damage. [Roberts v. Northern, etc., R. Co., 158 U. S. 1, 10; Turner

v. Missouri Pacific R. Co., 130 Mo. App. 535, 541 and cases cited.] Where the foreclosure sale is made before actual appropriation of the land, the purchaser is entitled to the damages awarded. [20 C. J. 863.]

There is no merit in the contention that the ownership at the date of the approval of the Commissioners' report determines and fixes the right to receive the damages. It does not appear when the report was approved, but the district still had the right to elect not to go on with the enterprise. Neither can we sustain the contention that, as the approval of the report must have been prior to the filing of the suit since the petition says the district is "threatening to, and if not enjoined, will pay" the damages, and, as the district did subsequently elect to go on, for it did pay the money into court, therefore, the damages would have been paid and possession taken of the land prior to the foreclosure had it not been for the injunction suit, wherefore, the defendant McLean should receive the damages. The course adopted by the district as disclosed by later events could not settle and determine what it would have done had it not been enjoined, nor can the rights of the parties be determined in that way. Under plaintiff's purchase at the foreclosure sale, his title relates back to the date of the deed of trust, March 24, 1917. [Booher v. Allen, 153 Mo. 613; Whitecotton v. St. Louis, etc., R. Co., 104 Mo. App. 65, 73.] In the case at bar Lambert owned the land at the time the right of entry accrued to the district and hence he was entitled not only to the damages for the land actually taken but also to the damages done to the rest of the tract. [Whitecotton v. St. Louis, etc., R. Co., 104 Mo. App. 65, 72.] Defendant McLean did not own the land at the time the damages were assessed, and during the time of his ownership of the land no injury was done by the district, either to the freehold itself or to defendant's right of possession thereof. As he received no injury to his property, how can he claim damages? The injury occurred after plaintiff became the owner. Hence

he and not defendant is entitled to receive the damages.

The judgment is therefore reversed and the cause is remanded with directions to the trial court to enter up judgment in accordance herewith.    All concur.