[1] This is an action for the violation of an ordinance of Cape Girardeau, a city of the third class in Missouri. The charge is under what is known as Section 63 of Ordinance No. 1116, which is as follows: "It shall be unlawful for any person to trespass upon private property within this city by going upon or into any enclosure, or upon any lot, premise, orchard, outhouse, stable or lot of another, without the consent of the owner or occupant thereof. Every person so offending shall be deemed guilty of a misdemeanor, and upon conviction, shall be fined not less than one nor more than fifty dollars."
[2] The information filed in the police court charged that the defendant, on or about the 8th day of April, 1948, "did trespass upon private property of Carl Welker at 621 Themis St. in said city, by going upon the premises of the said Carl Welker without his consent."
[3] Defendant was found guilty in the police court and appealed to the Cape Girardeau Court of Common Pleas, wherein, upon trial before the court and a jury, she was found guilty and fined $25, and she appeals from the judgment to this court.
[4] The facts as adduced at the trial, and as to which there is no dispute, are briefly stated by appellant as follows: Appellant's property adjoins that of Carl Welker and his wife. On April 8, 1948, Mrs. Welker saw appellant standing in her yard directing work to be done on her (appellant's) property. Mrs. Welker asked her to leave and appellant said, "I am not in your yard," and stayed where she was for about an hour, apparently directing some workmen doing work on her own premises. Mr. Welker saw appellant standing in his yard on the same occasion "watching the men work on the fence, telling them what to do;" and he asked her to leave. He says "She simply refused," and she remained for about forty minutes, although she left the second time he asked her to leave.
[5] The only question presented is appellant's contention that the ordinance is invalid in that it is an attempted exercise of power which the City does not have. It is conceded, as it must be, that a city can exercise only such powers as are conferred by express or implied provisions of law. *Page 589 
And the city attorney does not contend that there is any specific authority by statute for a penal ordinance such as Section 63, but he does contend that under the general welfare clause of Section 6949, R.S., 1939, Mo.R.S.A., the city council was acting within its powers in enacting said Section 63. The so-called general welfare clause does not go so far as to authorize the City to declare an act to be a criminal or quasi criminal trespass which is not so in fact, either at common law or by statute. City of St. Louis v. King, 226 Mo. 334, 126 S.W. 495, 27 L.R.A., N.S., 608, 136 Am.St.Rep. 643.
[6] It will at once be seen that this ordinance is so sweeping in its terms as to make one guilty of a misdemeanor and subject to a fine by going upon another's property regardless of intent and purpose or whether there be any injury or threat of injury whatever in so doing. Under its terms an agent, salesman, or friendly visitor, dare not place foot upon soil belonging to another, even though it be a vacant lot, except at the risk of a fine, and imprisonment if the fine be not paid. Such is not and cannot be the law in a free country. From 63 Corpus Juris, Section 300, page 1075, we take this statement: "No trespass to property is a crime at common law unless it is accompanied by or tends to create a breach of the peace. This is so, although the act be committed forcibly, willfully, or maliciously. Something more must be done than what amounts to a mere civil trespass, expressed by the terms vi et armis; the peace must be actually broken or the act complained of must directly and manifestly tend to it, as being done in the presence of the owner, to his terror or against his will. But when a trespass is attended by circumstances constituting a breach of the peace, it becomes a public offense subject to criminal prosecution."
[7] Damage or injury is a necessary element of actionable trespass. Mawson v. Vess Beverage Co., Mo.App., 173 S.W.2d 606. When applied to real property it is "Any unauthorized entry upon the realty of another to the damage thereof." 2 Bouvier's Law Dictionary, Rawle's Third Revision. The same authority defines trespass as, "Any unlawful act committed with violence, actual or implied, to the person, property, or rights of another." Every section of the statutes of our State dealing with the punishment of acts which constitute trespass requires that the act be willfully or maliciously done, and that it result in injury to the person or property of another. In this case there was no pretense that defendant had damaged or threatened to damage either the person or property of the Welkers.
[8] It is the established policy of our State that in order to constitute actionable trespass the act must not only be willfully or maliciously done, but it must result in injury, or at least threatened injury, to the person or property of another. This ordinance is not in harmony with such policy.
[9] Not only so, but our Legislature has seen proper to enact a general law to punish trespassers on real property. Section 4529, R.S., 1939, Mo.R.S.A., provides that "Every person who shall willfully and maliciously, or wantonly and without right, enter the premises of another, and cut, take away, destroy, injure or mutilate any fruit tree, ornamental or shade tree, shrub or vine," etc., shall be deemed guilty of a misdemeanor. This statute recognizes the policy of the Legislature that in order for the trespass on real property to be a misdemeanor the entry must not only be willful, malicious or wanton, but injury must result therefrom. Therefore, this ordinance violates the rule that municipal ordinances regulating subjects, matters and things, upon which there is a general law of the State, must be in harmony with the State law. Section 7442, R.S., 1939, Mo.R.S.A.; John Bardenheier Wine Liquor Co. v. City of St. Louis, 345 Mo. 637, 135 S.W.2d 345; State ex rel. Hewlett v. Womach, 355 Mo. 486, 196 S.W.2d 809.
[10] Ordered that the judgment be reversed.
[11] ANDERSON, P. J., and McCULLEN, J., concur. *Page 590