**CITY OF KANSAS CITY, Missouri, Respondent,**

v.

**Michelle PIGERRE, Appellant.**

**No. WD 32623.**

Missouri Court of Appeals, Western District.

Dec. 8, 1981.

Larry C. Larson, Kansas City, for appellant.

Aaron A. Wilson, City Atty., Jack H. Schrimsher, City Prosecutor, Dennis E. Lee, Asst. City Prosecutor, Kansas City, for respondent.

Before SHANGLER, P. J., and WASSERSTROM and CLARK, JJ.

SHANGLER, Presiding Judge.

The defendant appeals conviction for trespass under § 26.30.1 of the Revised Ordinances of Kansas City. The case was tried to an associate circuit judge who assessed a thirty-day jail term, but suspended the sentence and imposed a two-year probation on special conditions. The defendant contends that the conviction was invalid because there was no evidence she committed a breach of the peace, or did damage to property, or injury to a person—alternative prerequisites to a criminal trespass under the statutes. We affirm the conviction.

The evidence favorable to conviction shows that the defendant, a former employee of the Carriage Club [a private establishment], returned to the premises to make her adieux to the chef, until lately an amour, before her return to France. The chef on an earlier occasion informed the defendant "she was not supposed to be" on the premises. The chef summoned the general manager who then also instructed the defendant she was forbidden from the club premises, since she was "bothering the help." The general manager made that interdiction clear. Two months later, the defendant appeared on the premises nevertheless, and the prosecution ensued.

The municipal ordinance [§ 26.30.1] declares a person guilty of trespass who:

"enters upon or in such land . . . after such entry upon or in same has been forbidden by a personal communication of the owner or person authorized by the owner to make such communication . . . ."

The ordinance conforms to the essential terms of trespass statute § 569.140, RSMo 1978 [in effect at the time of the conduct charged against the defendant] which punishes for an entry into a building or structure or upon real property of another after notice by "[a]ctual communication to the actor." The gist of both the ordinance and the statute is the willful entry or continued presence upon property upon which the person has been forbidden by personal communication to enter or remain. *State v. Smith*, 592 S.W.2d 165, 166[4] (Mo. banc 1979).

The defendant does not contend for the invalidity of the ordinance as such, but only that the policy of our state requires that a conviction for trespass requires the proof that the act was not only willful and malicious, but also constituted a breach of the peace, caused damage to property or injury to a person. That argument rests on *City of Cape Girardeau v. Pankey*, 224 S.W.2d 588 (Mo.App.1949). *Pankey* invalidated a municipal ordinance on the common law rationale that the element of damage was requisite to an actionable trespass. That same court in *State v. Phillips*, 508 S.W.2d 240 (Mo.App.1974), however, determined that the decision in *Pankey* was from oversight and from want of reference to the extant statute [as our own] which requires neither damage nor a breach of the peace to convict for a trespass.

The prosecution of the defendant was for a violation of *an ordinance* conformed to statute, and not for a common law cause trespass.

The judgment is affirmed.

All concur.