Missouri Power & Light Company, Appellant, v. Onie E. Thomas et al.—102 S. W. (2d) 564.

Division One, March 17, 1937.

*D. R. Clevenger, John W. Moore* and *Robert H. Moore* for appellant.

*Pross T. Cross, R. H. Musser* and *Gerald Cross* for respondent.

GANTT, J.—Action to establish a right in plaintiff to maintain electric transmission lines on defendants' land and to enjoin them from interfering with the repair and reconstruction of the lines.

The first count of the petition alleged facts which plaintiff claims established an easement and prayed that defendants be enjoined from interfering with rights under the easement. The second count also alleged said facts and prayed determination of title to an easement. The answer was a general denial with a counterclaim for damages, which was withdrawn by defendants. Judgment for defendants and plaintiff appealed. The facts follow:

The common source of title is Wm. H. Gentry, who died in 1897. He devised the land to his wife for life, with remainder in equal shares to his children, John W. Gentry, Susan Lee Logan, Margaret Elizabeth Gentry (now Margaret Elizabeth Thomas, one of the respondents), and George T. Gentry. In 1913 George T. Gentry was in possession of the land. At that time he executed an instrument (incorrectly describing the land) granting to plaintiff's predecessor, the Kearney Electric Light Company, its successors and assigns, authority to erect and maintain transmission lines on poles or steel towers across the land. The instrument was not acknowledged and recorded. On its execution plaintiff's predecessor erected the transmission lines on the land. In 1924 plaintiff acquired all of the property of the Kearney Electric Light Company. The lines have been maintained on the land since erection. On November 25, 1924, George T. Gentry purchased the John W. Gentry one-fourth interest in the land. About this time George made claim that plaintiff's predecessor had agreed to pay compensation for the right of way and demanded that plaintiff pay said compensation. In November, 1924, plaintiff, assuming that George owned the land, made settlement in writing, the pertinent parts of which follow:

"Witnesseth: That whereas, the party of the second part has now located and is operating and its predecessors for many years have been operating a line of poles and wires consisting of forty-one poles and lines thereon across" (here follows description of land);

"Whereas, party of the first part claims that the predecessors of second party agreed to give him certain compensation for the right of way for said lines. Now, therefore, in order to settle any ques-

tion as to said compensation and to the right of way for said poles and lines, it is agreed as follows:''

''First party gives, grants and confirms unto second party the right to operate its said transmission lines and maintain the same across the said lands as at present located so long as the same are used as transmission lines.''

''Second party agrees that in consideration of the grant of right of way it will furnish to first party electrical service at his present residence located in Kearney, Missouri, and that it will give to first party a credit upon its regular rates for said service of Two Dollars ($2.50) and Fifty cents on the bill or charge of each month, but such credits shall not be cumulative.''

''It is further agreed that said first party shall be entitled to said credit as long as he is the owner of the land across which said transmission line is maintained and that whenever he shall sell part of said land, the said credit that he is hereby entitled to receive shall be reduced in proportion as the number of poles standing upon the land so sold shall bear to the whole number of forty-one poles.''

The contract was acknowledged by the parties and recorded.

The widow died in 1926, and on December 19, 1927, the land was conveyed by sheriff's deed in partition to defendants Onie E. Thomas and Margaret E. Thomas, husband and wife. The deed did not except from the conveyance the use of the land occupied by plaintiff's lines, nor did it convey to defendants any cause of action which may have accrued from the appropriation of the land. In 1930 defendants claimed that plaintiff had no easement and refused to permit its employees to enter upon the land. Thereupon in November, 1930, plaintiff instituted suit against Onie T. Thomas, James S. Simrall, trustee, and Dennis McNamara, owner of the note secured by the deed of trust. The petition alleged that plaintiff sought to acquire a right of way against the interest of defendants in said land, which had not been acquired from George T. Gentry. Summons was served and commissioners appointed. However, plaintiff dismissed said suit prior to the institution of this suit.

I. Defendants contend that said contract on the part of George was only a license which could, at any time, be revoked. We do not think so. The occupation of the land by the companies was permanent in character. The contract confirms unto plaintiff the right to maintain the lines across the land so long as same are used as transmission lines. As stated, plaintiff assumed that George owned the land and proceeded on the theory that the contract settled the question of compensation. There was no evidence tending to show bad faith on the part of plaintiff. The companies had the power of eminent domain and the contract authorized a permanent occupation of the land.

II. Of course, defendants contend that the compensation settlement did not bind those interested who were not parties to the contract.

This contention must be sustained. However, on the death of the widow, the children waived the right to sue in ejectment for possession of the strip of land and elected to partition the land burdened with the transmission lines. The burden was apparent and obvious, and defendants must be presumed to have purchased the land with knowledge of the burden. Furthermore, the record of the contract was constructive notice of the existence of the lines on the land. The rule is stated as follows:

"Where there is a sale of a tract of land upon which there is an obvious existing easement or burden of any kind, like an ordinary highway, a railroad, or mill-pond, the fair presumption, in the absence of any express provision in the contract upon the subject is, that both parties act with direct reference to the apparent existing burden, and that the vendor demands, and the purchaser pays, only the value of the land subject to it. This presumption is independent of the question whether the party enjoying the easement has perfected his title as against the vendor or not. Nothing being said upon the subject, they deal with the property in its existing condition, and upon the assumption that it is subject to all the burdens to which it appears to be subject. [Pomeroy, Exr., v. Chicago & Milwaukee Railroad Co., 25 Wis. 641, l. c. 643.]

The sheriff's deed affords the defendants no rights with reference to the occupation of the land by plaintiff.

The judgment is reversed and the cause remanded, with directions to dismiss the second count of the petition and enter judgment on the first count permanently enjoining defendants from interfering with the entry of plaintiff's employees on the land for the purpose of maintaining, repairing or reconstructing said lines. Costs ordered taxed against defendants. All concur.