**Kenneth H. BARR and LaVerta M. Barr, Plaintiffs-Respondents,**

v.

**KAMO ELECTRIC CORPORATION, INC., Defendant-Appellant.**

**No. WD 33279.**

Missouri Court of Appeals, Western District.

March 1, 1983.

H.H. McNabb, Jr., McNabb & Pursley, Butler, for defendant-appellant.

Ralph E. Smith, Butler, for plaintiffs-respondents.

Before SOMERVILLE, C.J., and SHANGLER, PRITCHARD, DIXON, WASSERSTROM, MANFORD and KENNEDY, JJ.

WASSERSTROM, Judge.

Plaintiffs sue for damages to land resulting from the erection of a power line by KAMO Electric Corporation, Inc., ("KAMO").[1] Plaintiffs prayed for compensatory and punitive damages. The court directed a verdict for KAMO on the issue of punitive damages, and the jury returned a verdict in favor of plaintiffs for $7,500 compensatory damages. Both parties appealed, but plaintiffs have abandoned their appeal, so that the only matters now before this court for decision are the issues presented by KAMO on its appeal.

In 1976, KAMO erected a power line pursuant to condemnation under its power of eminent domain. Its petition in the condemnation action asked for a right of way

---

1. KAMO in its brief in this court calls attention to the fact that its correct corporate name is KAMO Electric Cooperative, Inc., but it makes no point of the fact that the caption of this case employs an incorrect variation.

over land owned by Weil, but the petition also alleged that it would be necessary for KAMO "to also have the perpetual easement on the aforesaid lands described in Paragraph III hereof, to construct necessary gates to permit ingress and egress to such electric transmission line; to cut and trim trees and to remove any obstructions that may interfere with the construction, operation and maintenance of the electric lines within the right-of-way described above and to include the perpetual right to cut down or remove any trees or growth and to remove any structures within a proximity of 50 feet of said electric transmission lines as may endanger the same by fire, storm or otherwise or may cause the same to become dangerous in any way to life or property." The land so referred to in Paragraph III of the condemnation petition included certain land owned by plaintiffs immediately adjacent to the Weil property on which the power line was to be constructed.

Despite the above references which included plaintiffs' land, plaintiffs were not named as parties in the condemnation suit, and no condemnation was sought against them. No part of plaintiffs' land was actually taken under the court order of condemnation or paid for by KAMO. The power line and its overhang came within 2 feet of the boundary line between Weil and plaintiffs, but there was no physical intrusion of any kind onto the plaintiffs' land, nor has there been any entry since the condemnation by KAMO onto plaintiffs' land for any purpose of removing trees, growth or structures.

Prior to the erection of the power line in question, plaintiffs had planned to erect a building on their land at this location for the purpose of being used as a Ford agency. After the power line was erected, plaintiffs concluded that the danger of fire or other casualty was too great to warrant the erection of the planned building, and they selected a completely different site for the proposed agency. Thereafter plaintiffs sold their five acres in question to Weil for $2,000 per acre. Plaintiff Kenneth H. Barr testified that prior to the erection of the power line, this land was worth $7,500 per acre.

Although plaintiffs entitled their petition in this case "Petition For Trespass and Damages," their verdict director submitted the case to the jury as one for nuisance. KAMO challenges that submission on the following grounds: (1) It was entitled to a directed verdict since the pleadings were based on a case of trespass, and there was no trespass. (2) The submission to the jury on the theory of nuisance departed from the pleaded theory of trespass. (3) The verdict director prejudicially varied from MAI No. 22.06 (governing nuisances) in that the instruction did not require the jury to find that KAMO's use of its property was "unreasonable." Plaintiffs answer those objections by insisting (1) that there is no real difference between the theories of trespass and nuisance as regards the facts of this case; and (2) that the omission of any requirement that the jury find that KAMO's use of its property was unreasonable was nonprejudicial in view of KAMO's admission in the condemnation petition to the effect that any structure within 50 feet of the power line would be dangerous.

■ It would be fruitless to discuss this case within the issues outlined by the parties. Clearly, plaintiffs have no cause of action for trespass here, since admittedly there was no physical invasion of their land by KAMO. *Griesenauer v. Emsco Corporation,* 399 S.W.2d 147 (Mo.App.1965); *City of Cape Girardeau v. Pankey,* 224 S.W.2d 588 (Mo.App.1949); *Mawson v. Vess Beverage Co.,* 173 S.W.2d 606 (Mo.App.1943); *Poole v. Roloff,* 361 S.W.2d 340 (Mo.App.1962); 87 C.J.S. Trespass Section 12, p. 964 et seq. (1954).

■ Nor is plaintiffs' cause of action properly to be considered under the legal rules governing nuisances. It is well established that when a public body or corporation having the power of eminent domain commits an act amounting to a permanent nuisance affecting lands owned by a plaintiff, the cause of action for damages to the land "is controlled and must be determined by the law of eminent domain" and a suit

for such damages "is by the demand for permanent damage converted into an action in the nature of a condemnation proceeding." *Stewart v. City of Marshfield,* 431 S.W.2d 819 (Mo.App.1968) and cases there cited. Such a case is what has generally been denominated a suit for "inverse condemnation." *Stewart* holds that the verdict director in such a case should follow MAI No. 26.05 (now 31.05) and that damages should be instructed in accordance with MAI No. 9.02.

Accordingly, instead of submitting its case to the jury on the theory of nuisance, plaintiffs should have submitted on the theory of inverse condemnation and should have used a modification of MAI No. 31.05.[2]

The pursuit by plaintiffs of a mistaken theory does not constitute an election of remedies nor does it bar a retrial now on the correct theory. *Keeven v. St. Charles County Utilities Co., Inc.,* 542 S.W.2d 349 (Mo.App.1976). Furthermore, although the five acres in question have been sold since the institution of suit by plaintiffs, all the damages from the KAMO taking (if there was such) were suffered by plaintiffs at that time and did not pass to the grantee Weil. *Turner v. Missouri Pac. Ry. Co.,* 130 Mo.App. 535, 109 S.W. 101 (1908); *Langenberg v. City of St. Louis,* 355 Mo. 634, 197 S.W.2d 621 (1946).

Upon award to plaintiffs and payment by KAMO for inverse condemnation, KAMO will acquire a permanent easement over the 50 feet in question just as if that property had been included in the original condemnation proceeding. *Mapco, Inc. v. Williams,* 581 S.W.2d 402 (Mo.App.1979). Weil, the purchaser, testified in the present suit, and it is apparent from his testimony that he had actual knowledge of the servitude upon these 50 feet at the time he purchased the five acres from plaintiffs. Indeed, he obtained a sharply reduced purchase price because of that fact. Under these circumstances, Weil will be subject to the KAMO easement over the 50 feet, notwithstanding the fact that he is not a party in the present litigation. *Loumar Development Co. v. Redel,* 369 S.W.2d 252 (Mo. 1963); *Missouri Power & Light Co. v. Thomas,* 340 Mo. 1022, 102 S.W.2d 564 (1937).

The judgment is reversed and the cause remanded for a new trial.

All concur.

---

**2.** MAI No. 31.05 requires the jury to find a "taking." The allegations in the condemnation case are not conclusively binding on KAMO in the present case so as to show that a "taking" did in fact occur. While KAMO's pleading in the condemnation case may be properly considered by the jury as an admission against KAMO's interest (sometimes called a "quasi-admission"), it does not amount to a conclusive judicial admission. *May v. May,* 294 S.W.2d 627 (Mo.App.1956); *Jones v. Des Moines & Mississippi River Levee Dist. No. 1,* 369 S.W.2d 865 (Mo.App.1963).