BOLING CONCRETE CONSTRUCTION COMPANY, INC., Plaintiff-Respondent,

v.

David and Laverne TOWNSEND, Appellants,

and

Midtown Medical Center Redevelopment Corporation and City of St. Louis, Third Party Defendants-Respondents.

No. 48363.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 8, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 28, 1985.

W.W. Sleater, Clayton, for appellants.

Gerald T. Carmody, St. Louis, for third party defendant-respondent Midtown Medical Center.

James J. Wilson, City Counselor, St. Louis, for plaintiff-respondent.

GAERTNER, Judge.

Boling Concrete Construction Company (Boling) brought the instant action against Davis and Laverne Townsend to foreclose a mechanic's lien. The Townsends filed a third party petition against Midtown Medical Center Redevelopment Corp. (Midtown) and the City of St. Louis (City). A consent judgment for $5,800.00 was entered in favor of Boling against the Townsends. From summary judgment in favor of Midtown and the City, the Townsends appeal. We affirm.

Midtown is an urban redevelopment corporation organized under Chapter 353, RSMo.1978, to which the City has granted the power of eminent domain over a tract of land within the City's boundaries. The Townsends owned a parcel of real estate within this tract.

The Townsends obtained a building permit from the City and contracted with Boling in furtherance of their plan to build a single family residence. Boling apparently poured the foundation for the structure.

After the foundation had been poured, a representative from Midtown and the City's Director of Public Safety entered the Townsends' land and engaged in a discussion with Mr. Townsend. Midtown's representative and the Director of Public Safety informed Mr. Townsend that Midtown intended to construct a street over the Townsends' land. Mr. Townsend pointed out that he had a building permit and ordered the pair to leave, with which demand they complied.

The City then cancelled the building permit. The Townsends have since lost their property through a tax sale.

The Townsends contend the trial court erred in granting summary judgment because material issues of fact remain regarding their right to recover from Midtown and the City of St. Louis for the costs of construction, including the amount owed to Boling, damages for trespass, damages for wrongful cancellation of the building permit, and damages for inverse condemnation.[1]

■ The Townsends have no action for trespass because the undisputed facts show that Mr. Townsend gave implied permission to the representative of Midtown and the City's Director of Public Safety to enter upon his land and that upon revocation of that consent, the pair left the premises. One who silently watches another enter upon the former's land and then willingly engages the latter in conversation while standing upon the premises may not later be heard to complain of trespass. "Consent may be implied from ... conduct." 75 Am.Jur.2d *Trespass* § 41 (1974).

■ The Townsends may not maintain an action for the wrongful cancellation of their building permit because they have not exhausted their administrative remedies. The Townsends do not deny that an ordinance of the City provides that person aggrieved by a decision of the building commissioner, such as the revocation of the Townsends' building permit, may appeal to the City's Board of Adjustment. Administrative review of the revocation of the building permit has not been sought. Judicial review of the revocation is, therefore, premature. *See N.G. Heimos Greenhouse, Inc. v. City of Sunset Hills,* 597 S.W.2d 261 (Mo.App.1980).

■ Finally, the Townsends may not recover for inverse condemnation because their cause of action, if there was one, has become moot. Upon payment of the judgment in an inverse condemnation case, the same right in the land is conferred upon the condemnor as if it had formally condemned the land. *Beetchen v. Shell Pipe Line Corp.,* 248 S.W.2d 66, 70 (Mo.App. 1952), *trans'd* 363 Mo. 751, 253 S.W.2d 785 (Mo.1952). Assuming *arguendo* that the revocation of the building permit could serve as the predicate for an inverse condemnation action, the Townsends lost their cause of action when they lost their interest in the land. After the Townsends' loss of all their property interest, the alleged condemnors could not receive any rights in the land from the Townsends, whereas in formal condemnation, Midtown and/or City could have taken the whole property.

In *Barr v. KAMO Electric Corp., Inc.,* 648 S.W.2d 616 (Mo.App.1983), the court allowed the plaintiffs to maintain an in-

---

1. The parties do not address their arguments to the propriety of the Townsends' impleader action, but confine their arguments to the issues surrounding the Townsends' claims of trespass, wrongful cancellation of the building permit, and inverse condemnation. Accordingly, we do not decide the propriety of the Townsends' impleader action. *But cf. Martinez v. Lankster,* 595 S.W.2d 316, 318 (Mo.App.1980).

verse condemnation action even though the plaintiffs' land had been sold since the institution of the lawsuit, because "all the damages from the ... taking ... were suffered by plaintiffs at that time and did not pass to the grantee...." *Id.* at 619. The grantee had taken subject to the inverse condemnor's interest and had obtained a reduced purchase price because of that fact. *Id.* Here, however, the grantee of the tax sale did not take subject to Midtown's or the City's alleged interest. Nor is there any indication that the purchase price at the tax sale was reduced because of the revocation of the building permit.

The judgment is affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.