Randy SIMONIAN, Plaintiff/Appellant,

v.

GEVERS HEATING & AIR
CONDITIONING, INC.,
Defendant/Respondent.

No. 71655.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 9, 1997.

James E. Hullverson, Jr., St. Louis, for plaintiff/appellant.

Bryan M. Groh, St. Louis, for defendant/respondent.

RHODES RUSSELL, Judge.

Plaintiff appeals the trial court's judgment of dismissal of his personal injury suit for hearing loss after being exposed to a prolonged fire alarm. Plaintiff sued Gevers Heating & Air Conditioning, Inc. ("defendant"), the heating and air conditioning repair company which had triggered the alarm, and Honeywell, Inc. ("Honeywell"), the fire alarm provider. Defendant asserted that plaintiff's claim should be dismissed as its alleged negligence was not a proximate cause of plaintiff's injuries. We reverse the dismissal as we do not find that, as a matter of law, defendant's actions could not be a proximate cause of plaintiff's injuries.

In reviewing a ruling on a trial court's dismissal of an action, we determine whether the facts pleaded and the inferences reasonably drawn therefrom state any ground for relief, treating facts alleged as true and construing allegations liberally and favorably to the plaintiff. *K.G. v. R.T.R.*, 918 S.W.2d 795, 797 (Mo. banc 1996). A petition is not to be dismissed for failure to state a claim if any set of facts is asserted which, if proved, would entitle the plaintiff to relief. *Martin v. City of Washington*, 848 S.W.2d 487, 489 (Mo. banc 1993).

The facts alleged in Count I, construed in a light most favorable to the plaintiff, are as follows: At the time of the injury, plaintiff was working at a commercial playground facility. A repairman employed by defendant was servicing the heating/air conditioning units located on the roof of the building.

Although there was no fire or other hazard which would have otherwise triggered the alarm, defendant's repairman activated the building's fire alarm. After the alarm began, plaintiff coordinated the evacuation of the public.

Plaintiff suffered from tinnitus and hearing loss as a result of the exposure to the siren. He filed his personal injury suit against defendant and Honeywell. The first count of plaintiff's petition alleged that the siren was not reasonably safe because it posed an unreasonable risk that a person's hearing would be injured by prolonged exposure to the siren noise. Plaintiff asserted that defendant "knew or by using ordinary care could have known of the fire alarm, its siren, [and] the foreseeable unreasonable risk of injury and damage." Plaintiff also alleged that defendant knew or by using ordinary care, could have known of the need to conduct its repairs in a manner that would avoid triggering the alarm.

Plaintiff's second count was for products liability against Honeywell, alleging that the alarm was defective in that it was injuriously loud, or, alternatively, that the warning and instructions accompanying the alarm were defective in that they did not adequately instruct the user how to shut it off or reduce its volume. Plaintiff's third count alleged a breach of contract by Honeywell, claiming that Honeywell had agreed to monitor the fire alarm and instruct how to deactivate the alarm in a timely manner, and that Honeywell had breached that contract.

Defendant moved to dismiss for failure to state a claim, arguing that its actions were not a proximate cause of plaintiff's injuries. The trial court agreed, and dismissed the count against defendant with prejudice.[1] This appeal followed.

In his only point on appeal, plaintiff asserts that the trial court erred in granting defendant's motion to dismiss for failure to state a claim upon which relief could be granted. Plaintiff contends that his petition properly pleaded that defendant's triggering of the fire alarm proximately caused his injuries. Furthermore, plaintiff argues that the

separate and alternative allegations directed against Honeywell do not create a superseding intervening cause. Consequently, plaintiff claims, the issue of proximate cause was for the jury to decide. We find that the facts alleged are sufficient to withstand a motion to dismiss.

It is axiomatic that the mere fact that injury follows negligence does not necessarily create liability. Actionable negligence requires a causal connection between the conduct of the defendant and the resulting injury to the plaintiff. *Schaffer v. Bess*, 822 S.W.2d 871, 876 (Mo.App.1991).

To establish causation, the tortfeasor's conduct must be both 1) the cause in fact, and 2) the proximate, or legal, cause of the plaintiff's injury. *Tompkins v. Cervantes*, 917 S.W.2d 186, 190 (Mo.App.1996). Put simply, "causation in fact" is determined by the "but for" causation test. The "but for" causation test provides that the defendant's conduct is a cause of the event if the event would not have occurred "but for" that conduct. Mere logic requires causation in fact. *Callahan v. Cardinal Glennon Hosp.*, 863 S.W.2d 852, 860–61 (Mo. banc 1993).

The "but for" test continues to apply as the test for causation to the vast majority of cases in Missouri, except those involving two independent torts, either of which is sufficient in and of itself to cause the injuries. *Id.* at 862–63. Honeywell's alleged negligence in furnishing a defective alarm is insufficient, in and of itself, to have caused plaintiff's injuries. Without defendant's activation of the alarm, Honeywell's actions could not have harmed plaintiff. Because the alleged torts of defendant and Honeywell are not each sufficient alone to cause the plaintiff's injuries, therefore, the "but for" test of causation in fact applies.

Plaintiff has clearly alleged facts satisfying the "but for" test. Plaintiff alleged that defendant's employee activated the fire alarm while conducting air conditioning repairs. Plaintiff further alleged that had defendant exercised reasonable care the alarm would not have been triggered. Plaintiff's petition

1. Plaintiff subsequently voluntarily dismissed its two counts against Honeywell without prejudice.

alleged that he sustained injury as a direct result of his prolonged exposure to the alarm's siren, including tinnitus and hearing loss. Thus, plaintiff has sufficiently alleged that "but for" defendant's triggering of the fire alarm, plaintiff's hearing would not have been damaged.

■ The second facet of causation is proximate cause. Proximate cause is not causation in fact, but is a limitation the law imposes upon the right to recover for the consequences of a negligent act. *Clary v. United Telephone Co.*, 670 S.W.2d 936, 941 (Mo.App.1984). The requirement of proving proximate cause absolves those actors whom it would be "unfair" to punish because of the attenuated relation which their conduct bears to the plaintiff's injury. *Tompkins*, 917 S.W.2d at 190.

■ The practical test of proximate cause is whether the negligence is "an efficient cause which sets in motion the chain of circumstances leading to the plaintiff's injuries or damages." *Schaffer*, 822 S.W.2d at 876. The test is not whether a reasonably prudent person would have foreseen the particular injury, but whether, after the occurrences, the injury appears to be the reasonable and probable consequence of the act or omission of the defendant. *Id.* The defendant's negligence need not be the sole cause of the injury. It is sufficient that it be one of the efficient causes thereof, without which the injury would not have occurred. *Id.*

■ If two or more persons are guilty of consecutive acts of negligence, closely related in time, there is a question as to whether one initial act of negligence was a proximate cause of the injury or whether there was an efficient, intervening cause. *Buck v. Union Electric Co.*, 887 S.W.2d 430, 434 (Mo.App. 1994).

■ An intervening cause is a new and independent force which so interrupts the chain of events that it becomes the responsible, direct, proximate, and immediate cause of the injury, but it may not consist of an act of concurring or contributory negligence. *Buck*, 887 S.W.2d at 434. Finally, the determination of substantiality and proximity of the causal relationship between neg-

ligence and injury is dependent upon the particular facts of each case, and it is seldom that one decision controls another. *Hoover's Dairy, Inc. v. Mid–America Dairymen, Inc./Special Products, Inc.*, 700 S.W.2d 426, 434 (Mo. banc 1985).

■ Whether proximate cause exists is usually a jury question. However, a court properly interposes its judgment in this determination when the evidence reveals the existence of an intervening cause which eclipses the role the defendant's conduct played in the plaintiff's injury. *Tompkins*, 917 S.W.2d at 190.

Defendant relies heavily on this Court's opinion in *Buck*, 887 S.W.2d at 430. In *Buck*, a motorist brought a negligence action against the electric company following an accident with an oncoming vehicle which had entered the plaintiff's lane due to the electric company's partial obstruction of the roadway. *Buck* held that the oncoming driver's own negligence in failing to return to her lane after passing the obstruction constituted an intervening superseding cause of the accident which severed the causal relationship between any negligence by the electric company and the resulting accident.

Defendant points out that in *Buck* we analyzed the proximate cause relationship under section 447 of the Restatement (Second) of Torts. That section lists factors which help determine if an intervening act is a superseding cause that insulates a defendant from liability. *Buck*, 887 S.W.2d at 434. The differing posture on appeal of the instant case, however, renders defendant's subsequent reliance on analysis under that section misplaced. *Buck* differs from the facts herein in that it involved the appeal of a JNOV for the electric company. We found that the evidence did not support a verdict that the utility's conduct was the proximate cause of the accident. *Buck*, 887 S.W.2d at 433. Conversely, in the case herein, the trial court dismissed the case based only on the pleadings. While in *Buck* this court was provided with evidence which we could use in our analysis under Restatement section 447, here we have no evidence. Our task in this case, therefore, differs from that in *Buck*. While in

*Buck* we were asked to determine whether the plaintiff had proven proximate cause, our task here is only to determine whether plaintiff has sufficiently alleged a proximate cause relationship between defendant's alleged negligence and his injury. Furthermore, we must treat the facts alleged in the petition as true and construe the allegations favorably to the plaintiff. *K.G.*, 918 S.W.2d at 797.

Plaintiff alleged that defendant's employee activated the fire alarm. Once the alarm was triggered, the exposure of plaintiff to the hazard of the siren commenced. Plaintiff averred that the false alarm created the foreseeability of harm generally to patrons of the building, and that the alarm's siren caused his hearing loss.

The fact that tinnitus is an uncommon injury following a false alarm is irrelevant. A duty exists when a general type of event or harm is foreseeable. *Pierce v. Platte–Clay Elec. Co-op., Inc.*, 769 S.W.2d 769, 776 (Mo. banc 1989). In determining foreseeability for the purpose of defining duty, it is immaterial that the precise manner in which the injury occurred was neither foreseen nor foreseeable. *Id.* In addition, the test of proximate cause is not whether a reasonably prudent person would have foreseen the precise hazard or the exact consequences that were encountered. *Schaffer*, 822 S.W.2d at 876; *see also*, 4 HARPER, JAMES & GRAY, THE LAW OF TORTS section 20.5, at 161 (2d ed.1986). The test is not whether defendant could have foreseen plaintiff's particular injury, but whether after the conclusion of all occurrences, plaintiff's injury appears to be the reasonable and probable consequence of defendant's actions. *Id.* We believe that plaintiff has sufficiently alleged that defendant's actions set in motion the entire sequence of events culminating in plaintiff's hearing loss.

We do not hold that defendant's actions constitute liability to plaintiff, but that, construed liberally, the petition alleged sufficient facts that a jury could find that plaintiff was injured as a result of defendant's triggering of the alarm. We cannot consider plaintiff's allegations against Honeywell in Count II, which defendant argues constitute an inter-vening cause, in determining whether Count I states a cause of action.

We hold that the trial court erred in dismissing plaintiff's petition, as he has stated a claim upon which relief can be granted. We reverse the dismissal of the cause of action against defendant and remand the case to the trial court.

CRANE, P.J., and JAMES R. DOWD, J., concur.