**MOORE AUTOMOTIVE GROUP, INC., Appellant,**

v.

**Sandy GOFFSTEIN and Goffstein, Raskas, Pomerantz, Kraus & Sherman, LLC, Respondents.**

**No. SC 89795.**

Supreme Court of Missouri, En Banc.

Dec. 22, 2009.

Rehearing Denied Jan. 26, 2010.

Jamie L. Boock, Matthew J. Rossiter, Rossiter & Boock, LLC, St. Louis, MO, for appellant.

Michael A. Fisher, Charles Alan Seigel, Matthew J. Aplington, The Stolar Partnership, LLP, St. Louis, MO, for respondents.

PATRICIA BRECKENRIDGE, Judge.

Moore Automotive Group, Inc., appeals from summary judgment in favor of Sandy Goffstein and Goffstein, Raskas, Pomerantz, Kraus & Sherman, LLC, ("the firm") on Moore Automotive's suit for conversion, constructive trust, fraud, monies-had-and-received and civil conspiracy. The trial court granted summary judgment because it found that Moore Automotive was bound by answers to garnishment interrogatories filed by the firm in a previous garnishment proceeding. In those answers, the firm denied possession of any funds belonging to its client, a former employee of Moore Automotive who had embezzled from the company. Moore Automotive did not file exceptions to those answers.

The trial court found that, under Rule 90.07(c), Moore Automotive's failure to file exceptions in the separate proceeding made the firm's interrogatory answers binding on Moore Automotive in the present case. Moore Automotive appealed the trial court's decision. After opinion by the court of appeals, this Court accepted transfer. Mo. Const. art. V. sec. 10. Because the provision of Rule 90.07(c), making a garnishee's answers to interrogatories conclusively binding on the garnishor if the garnishor does not file timely exceptions, does not bind a party in a separate non-garnishment proceeding, the trial court's judgment is reversed, and the cause is remanded.

### Factual and Procedural History

Moore Automotive employed Julie Lewis as its chief financial officer for approximately eight years. During the last three years of her employment, Ms. Lewis embezzled more than $2 million from Moore Automotive. When she learned that another employee had discovered her theft, Ms. Lewis resigned her position and admitted that she had embezzled funds from the company. At the time she left the company, Ms. Lewis told Moore Automotive she would cash in some of her investments and use approximately $280,000 of those proceeds to begin repaying Moore Automotive for the theft. Almost immediately, Ms. Lewis retained Mr. Goffstein and the firm to represent her in any legal matters arising from her misappropriation of funds from Moore Automotive and transferred $286,790.17 to the firm.

Moore Automotive then filed a civil suit against Ms. Lewis and her husband. It sought and obtained a writ of attachment to attach the assets of Ms. Lewis and her husband prior to judgment, as permitted by section 521.010.[1] Ms. Lewis contested the attachment by filing a motion to dissolve the attachment and quash execution. During an evidentiary hearing on this motion, Mr. Goffstein stated in open court that Ms. Lewis intended for the funds that she transferred to him and the firm to be used as an initial payment of restitution to Moore Automotive. Specifically, Mr. Goffstein stated:

> The fact of the matter is that the only transfer that was ever made was the money that was sent to my office, which everyone is aware of. That's not concealment. It's not an intent. *It was money to be used as part of the initial down payment.*

(Emphasis added.) At the conclusion of the hearing, the court overruled Ms. Lewis' motion to dissolve the attachment and quash execution.

1. Unless otherwise noted, all statutory references are to RSMo 2000.

Thereafter, Moore Automotive requested that the firm be summoned as a garnishee. The firm was served with a writ of garnishment and interrogatories that inquired whether the firm had in its possession or under its control any property, money, or other effects owned by Ms. Lewis. The firm timely filed its answers to the interrogatories, stating that it had no property, money, or other effects in its possession, or under its control that belonged to Ms. Lewis or her husband. In its interrogatory answers, the firm further stated that all funds previously paid to the firm by Ms. Lewis were to be used by the firm for the purpose of representing Ms. Lewis and paying all of her attorneys' fees and costs incurred as a result of litigation. Moore Automotive never filed any exceptions or denials to the firm's interrogatory answers.

Moore Automotive filed a motion to compel compliance with execution, seeking a determination that it rightfully was entitled to the funds held by the firm and to compel payment. The court denied the requested relief, finding that the firm's answers to the garnishment interrogatories were "sufficient" and that Moore Automotive failed to file exceptions to those answers. Moore Automotive, therefore, was unsuccessful in garnishing the funds possessed by the firm.

Meanwhile, Ms. Lewis made her initial appearance on a federal indictment in the United States District Court for the Eastern District of Missouri. As part of the criminal case, Ms. Lewis pled guilty to wire fraud, and, as part of her sentence, the district court ordered her to pay more than $2.4 million in restitution to Moore Automotive. Ms. Lewis currently is incarcerated as a result of her plea in the criminal case.

Following Ms. Lewis' guilty plea, Moore Automotive filed the current two-count action for conversion and civil conspiracy against Mr. Goffstein and the firm. Mr. Goffstein and the firm sought summary judgment, asserting that Moore Automotive's failure to object to its interrogatory answers in the garnishment action barred Moore Automotive from challenging the nature of the $286,000 transfer and that there was no separate cause of action for conspiracy. Moore Automotive amended its petition to assert claims against Mr. Goffstein and the firm for conversion, constructive trust, fraud, monies-had-and-received, and civil conspiracy. Mr. Goffstein and the firm then filed a motion for summary judgment on the amended petition, again asserting that Moore Automotive was bound by the firm's interrogatory answer that it had no money or property in its possession or control belonging to Ms. Lewis and that the funds previously paid to the firm by Ms. Lewis were for the purpose of representing her. On this basis, the trial court granted summary judgment to Mr. Goffstein and the firm, from which Moore Automotive appeals.

## Standard of Review

Summary judgment is appropriate only where the moving party has demonstrated that "there is no genuine dispute as to the facts" and that "the facts as admitted show a legal right to judgment for the movant." *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 380 (Mo. banc 1993). The movant bears the burden of establishing both a legal right to judgment and the absence of any genuine issue of material fact required to support the claimed right to judgment. *Id.* at 378. The propriety of summary judgment is purely an issue of law, and this Court's review is essentially *de novo. Id.* at 376. "As the trial court's judgment is founded on the record submitted and the law, an appellate court need

not defer to the trial court's order granting summary judgment." *Id.*

## Analysis

In the trial court, Mr. Goffstein and the firm contended they were entitled to summary judgment because no disputed facts existed concerning Moore Automotive's present conversion, constructive trust, fraud, money-had-and-received, and civil conspiracy claims. The trial court found that no disputed facts existed as to these claims because, under Rule 90.07(c) and section 525.210, Moore Automotive's failure to respond to the interrogatory answers in the previous garnishment action conclusively established the propriety of the transfer of funds between Ms. Lewis and the firm in the current action. Moore Automotive argues that the trial court erred in granting summary judgment on this basis in favor of Mr. Goffstein and the firm because Rule 90.07(c) and section 525.210 apply only to garnishment proceedings and not to the present action.[2] Therefore, the issue before this Court is whether Rule 90.07(c) and section 525.210, which provide that a garnishee's answers to garnishment interrogatories are binding on the garnishor if it does not timely object, make the interrogatory answers binding in a separate civil action between the same parties.

Before turning directly to the issue at hand, a brief summary of the nature of attachment and garnishment is helpful. Attachment of a defendant's property prior to judgment is authorized by chapter 521.[3] Garnishment may be used to effectuate an attachment. Section 525.040. A writ of attachment can be directed and delivered to the sheriff, and such writ commands the sheriff "to summon as garnishees all persons in whose hands or possession any personal property, rights, credits, evidences of debt, effects or money of the defendant may be, or who may be named by the plaintiff or his attorney as garnishees." Section 521.140. Garnishees summoned by the sheriff are required to answer interrogatories. Section 521.170(2).

■ "Garnishment is purely a creature of statute in derogation of the common law." *State ex rel. Eagle Bank and Trust Co. by Roderman v. Corcoran*, 659 S.W.2d 775, 777 (Mo. banc 1983). A garnishment proceeding is governed generally by chapter 525 and Rule 90 and "is an ancillary or auxiliary proceeding growing out of, and dependent on, another original or primary action or proceeding[.]" 38 C.J.S. *Garnishment* § 2 (2008) (*citing Nacy v. Le Page*, 341 Mo. 1039, 111 S.W.2d 25, 25–26 (1937)). As this Court previously noted, "the remedies of attachment, and garnishment in aid thereof, are purely ancillary to the main suit, and have nothing to do with the merits," but "are summary, anticipatory methods of impounding defendant's assets and collecting judgment against him if one is obtained on the merits." *State ex rel. Auchincloss, Parker & Redpath v. Harris*, 349 Mo. 190, 159 S.W.2d 799, 805 (1942).

■ As noted above, the trial court found that Moore Automotive is bound in the present case by the firm's previous garnishment interrogatory answers because Moore Automotive failed to file exceptions to those answers, pursuant to Rule 90.07(c) and section 525.210. Rule

---

**2.** This Court assumes Rule 90 applies in this case as no party questions its application.

**3.** Section 521.010(12) provides that a writ of attachment is authorized against the property of a defendant "[w]here the damages for

which the action is brought are for injuries arising from the commission of some felony," which were the facts alleged in Moore Automotive's petition against the Lewises.

90.07(c) states, in relevant part, "[T]he garnishee's answers to interrogatories are conclusively binding against the garnishor if the garnishor does not timely file exceptions to the interrogatory answers." Similarly, section 525.210 provides that "[i]f the answer of the garnishee be not excepted to nor denied in proper time, it shall be taken to be true and sufficient." The effect of Rule 90.07(c) and section 525.210 is that a garnishor's failure to file exceptions is deemed to be a judicial admission on the part of the garnishor that the garnishee's interrogatory answers are true. This interpretation of Rule 90.07(c) and section 525.210 is consistent with this Court's analysis of similar provisions. *See Lutsky v. Blue Cross Hosp. Serv., Inc., of Missouri*, 695 S.W.2d 870, 872 (Mo. banc 1985) (failure to deny authenticity of a document deemed a "judicial admission" under a rule that states when a claim is founded on a written instrument, the execution of the instrument is deemed confessed unless the party charged with executing it denies the execution).

◼ The issue raised in this case is the effect that Moore Automotive's judicial admission in the garnishment proceeding has in a subsequent case. The question is not resolved by Rule 90.07(c) or section 525.210 because there is no language in either the rule or the statute that goes beyond imposing the judicial admission to address the scope or effect of the judicial admission imposed. Therefore, this Court looks to the general law governing judicial admissions. A judicial admission is an act done in the course of judicial proceedings that concedes for the purpose of litigation that a certain proposition is true. *Hewitt v. Masters*, 406 S.W.2d 60, 64 (Mo.1966). Judicial admissions are generally conclusive against the party making them. *Sebree v. Rosen*, 393 S.W.2d 590, 602 (Mo. 1965).

◼ Such admissions may be introduced into evidence in another proceeding, even when the parties are not identical. *Munday v. Austin*, 358 Mo. 959, 218 S.W.2d 624, 628 (1949). While judicial admissions are conclusive in the proceeding where made, when the admission is introduced in a subsequent proceeding, the admission is not conclusive or binding and may be explained or contradicted. *Id.; Shervin v. Huntleigh Sec. Corp.*, 85 S.W.3d 737, 744 (Mo.App.E.D.2002); 29A Am. Jur.2d *Evidence* § 786 (2008); 32 C.J.S. *Evidence* § 631 (2008). Accordingly, judicial admissions arising from separate proceedings are admissible merely as ordinary admissions against interest that the trier of fact may consider, but which in no way bind the parties making the admissions. *Kansas City v. Keene Corp.*, 855 S.W.2d 360, 373 (Mo. banc 1993); *Shervin*, 85 S.W.3d at 744; *Barr v. KAMO Electric Corp.*, 648 S.W.2d 616, 619 n. 2 (Mo.App. 1983); *Mitchell Eng'g. Co. v. Summit Realty Co.*, 647 S.W.2d 130, 140–41 (Mo.App. 1982).

◼ By failing to file timely exceptions to the firm's interrogatory answers in the prior garnishment proceeding, Moore Automotive admitted the truth of the firm's answers. Those interrogatory answers stated the firm did not possess any property belonging to Ms. Lewis. Under Rule 90.07(c) and section 525.210, that judicial admission was conclusively binding on Moore Automotive in the garnishment proceeding. Although binding in the garnishment proceeding, Moore Automotive's admission is an admission against interest in the present suit and is not binding on it and may be explained or contradicted by it. In other words, Moore Automotive's admission is not binding or conclusive in this case because it was a judicial admission only in the context of the prior garnishment proceeding and, while Moore Au-

tomotive's admission can be introduced as evidence in this proceeding, it is only an ordinary admission against interest. Consequently, because Moore Automotive's prior admission is not binding in the present case, the trial court erred in granting summary judgment on the basis of Moore Automotive's previous failure to file exceptions during the garnishment proceeding.[4]

## Conclusion

Because the trial court erred in granting summary judgment to Mr. Goffstein and the firm on the basis of Moore Automotive's failure to file exceptions to the firm's interrogatory answers in a previous garnishment proceeding, this Court reverses the trial court's judgment and remands the case.[5]

PRICE, C.J., RUSSELL, FISCHER and LAURA DENVIR STITH, JJ., concur.

TEITELMAN, J., dissents in separate opinion filed; WOLFF, J., concurs in opinion of TEITELMAN, J.

RICHARD B. TEITELMAN, Judge, dissenting.

The principal opinion holds that a party can admit a fact in court and then, in a related proceeding involving the very same fact, deny the previously admitted fact. This result is inconsistent with the plain language and purpose of Rule 90.07(c) and section 525.210. Therefore, I respectfully dissent.

The rules of discovery are designed to preserve evidence and to prevent unjust surprise during litigation. *VBM Corp., Inc. v. Marvel Enterprises, Inc.*, 842 S.W.2d 176, 179 (Mo.App.1992) (citing *Combellick v. Rooks*, 401 S.W.2d 460, 464(9, 10) (Mo. banc 1966)). The overarching purpose of discovery rules is to provide a predictable system for establishing the true facts underlying a dispute. *Id.*

Rule 90.07(c) and section 525.210 are discovery rules applicable to garnishment actions. Rule 90.07(c) provides that the garnishee's interrogatory answers are "conclusively binding" against the garnishor if the garnishor does not file exceptions to the answers. Similarly, section 525.210 provides that the garnishee's answer is "taken to be true and sufficient" if there is no denial by the garnishor. Moore Automotive initiated the garnishment action, availed itself of the applicable procedures, and declined to deny the firm's assertion that it holds no property owned by Ms. Lewis. The plain language of Rule 90.07(c) and the section 525.210 establish, as a matter of fact, that the firm does not hold any property owned by Ms. Lewis. This is not an ancillary fact. Moore's Automotive's admission that the firm holds none of Ms. Lewis' property wholly elimi-

---

4. Mr. Goffstein and the firm's argument that Moore Automotive should be bound by the interrogatory answers filed in the previous garnishment proceeding is conceptually similar to collateral estoppel and res judicata. Although not characterized as such by the parties, Moore Automotive would not be bound by the firm's answers to the garnishment interrogatories under either of these doctrines. Moore Automotive's failure to file exceptions in the garnishment action constituted an abandonment of that proceeding. *State ex rel. Bagnell Inv. Co. v. Luten*, 647 S.W.2d 539, 541 (Mo. banc 1983). As such,

there was no judgment on the merits in the garnishment proceeding on which collateral estoppel or res judicata could be based. *State ex rel. Johns v. Kays*, 181 S.W.3d 565, 566 (Mo. banc 2006); *Healthcare Servs. of the Ozarks, Inc. v. Copeland*, 198 S.W.3d 604, 612 (Mo. banc 2006).

5. The firm relies upon the holding of *Wayland v. Nationsbank, N.A.*, 46 S.W.3d 21 (Mo.App. 2001), to support the trial court's judgment. To the extent that *Wayland* is inconsistent with this opinion, it is overruled.

nates its cause of action against the firm. Permitting Moore Automotive to deny a dispositive fact previously established in another closely related proceeding, which Moore Automotive initiated, wastes limited judicial resources and is inconsistent with the goal of providing a predictable system for establishing the facts underlying a dispute. Moore's Automotive's judicial admission should be conclusive.

The principal opinion concludes that Moore's Automotive's admission is not conclusively binding because: (1) neither Rule 90.07(c) nor section 525.210 defines the scope of the judicial admission; and, (2) the common law of judicial admission generally holds an admission in one proceeding is not conclusively binding in another. Neither premise is persuasive.

First, the intended scope of the Rule 90.07(c) judicial admission is clear: it is "conclusively binding." Any doubt as to the intended scope of the admission provided for in Rule 90.07(c) should be resolved by first placing the plain language of the rule in context. As discussed above, Rule 90.07(c) is a discovery rule, the purpose of which is to facilitate the orderly and timely discovery of the facts. In the context of this case, that means Moore Automotive is bound by its admission—in a proceeding Moore Automotive initiated—that the firm held no property belonging to Ms. Lewis or her husband. Facts, once admitted and established pursuant to rule and statute, should not be readily subject to revision.

Second, although a judicial admission generally is not binding in a separate proceeding, that general rule has no application in this case because Rule 90.07(c) provides that Moore Automotive's admission is "conclusively binding." The principal opinion cites a number of cases discussing the general rule, none of which involves the effect of a discovery rule or statute in

closely related proceedings involving the same underlying facts. Although allegations in a condemnation petition are not binding against the condemnor in a subsequent action for inverse condemnation, *Barr v. KAMO Electric Corp.*, 648 S.W.2d 616, 619 n. 2 (Mo.App.1983), and factual statements in a previous appellate brief are not conclusively binding in a subsequent appeal in another case, *Kansas City v. Keene Corp.*, 855 S.W.2d 360, 373 (Mo. banc 1993); *Mitchell Eng'g. Co. v. Summit Realty Co.*, 647 S.W.2d 130, 140–41 (Mo. App.1982), the fact remains that Rule 90.07(c) provides unequivocally that Moore Automotive's admissions are "conclusively binding" in its suit against the firm.

I would affirm the judgment.